UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv91-FDW

ANTONIO MOSLEY, *also known as*, )
ABDULLAH HAMID )
 )
      Petitioner, )
 )
vs. ) **ORDER**
 )
STATE OF NORTH CAROLINA, )
 )
      Respondent. )
 )

**THIS MATTER** is before the Court upon initial review of Antonio Mosley's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1).

**I.    BACKGROUND**

Petitioner pled guilty on November 2, 2010 in Mecklenburg County District Court to violating a domestic violence protective order. Pet. 1, ECF 1.[1] He received a 150-day suspended sentence and 18 months of supervised probation.[2] Pet., supra. He did not appeal to the Mecklenburg County Superior Court for a trial de novo. See N.C. Gen. Stat. § 15A-1431(b)-(c) ("A defendant convicted in the district court before the judge may appeal to the superior court for trial de novo . . . [w]ithin 10 days of entry of judgment[.].

On March 18, 2011, Petitioner was shot in the neck during the course of a robbery, in which he was one of the victims. Pet., supra, at 14 ¶ 2. When police arrived at the scene,

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.
[2] On July 18, 2011, the Mecklenburg County Superior Court transferred Petitioner to unsupervised probation upon completion of the court-ordered IMPACT program. Mem. Of Support, Pet. Ex. #1 2, ECF No. 1-1; Order on Mot. To Modify Probation, Pet. Ex. #2 1-2, ECF No. 1-2.

1

Petitioner was found lying on the ground with a 9-mm semi-automatic pistol next to him. Presentence Report ("PSR") (sealed) 3, United States v. Mosley, 3:11cr336 (Doc. No. 46).

Petitioner subsequently was arrested on September 20, 2011 pursuant to a Complaint filed in the Western District of North Carolina, charging him with Possession of a Firearm By a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). PSR, supra, at 3. On February 22, 2012, Petitioner pled guilty to the § 922(g)(1) charge. 3:11cr336 (ECF No. 16). Petitioner was sentenced to 100 months imprisonment on January 7, 2013. Judgment, 3:11cr336 (Doc. No. 67).

On July 11, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in Mecklenburg County Superior Court, challenging his November 2, 2010 conviction for violating a domestic violence protective order. Pet., supra, at 3. The MAR was denied on August 1, 2014. Pet., supra. Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on October 22, 2014. Pet., supra, at 5. Petitioner filed the instant § 2254 habeas petition on February 27, 2015.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 gives the United States district court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has interpreted that language as

2

requiring that the habeas petitioner be "in custody" under "the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

Petitioner seeks to have his November 2, 2010 conviction and sentence vacated. Petitioner was not in custody under that conviction or sentence when he filed the instant § 2254 habeas petition on February 27, 2015; rather, he was "in custody" under his January 7, 2013 federal sentence. See e.g. Maleng, 490 U.S. at 492-93 ("When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'"). Petitioner's 2010 state sentence completely expired on or about May 2, 2012, when his period of unsupervised probation ended. Cf. Jones v. Cunningham, 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence because his release from physical confinement was not unconditional; it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities). There is no evidence in the record presented here, and Petitioner does not assert, that the Mecklenburg County District Court at any time activated his sentence or that North Carolina has placed a detainer with the federal authorities to ensure that at the conclusion of his federal sentence, Petitioner will be returned to state authorities to serve an active sentence related to his November 2010 conviction. See e.g. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973) (holding that a prisoner serving a sentence in Alabama, who was subject to a detainer filed with his Alabama jailers by Kentucky officials, was "in custody" for the purpose of a habeas attack on the outstanding Kentucky charge upon which the detainer rested).

**IV: CONCLUSION**

Because Petitioner was not in custody under the 2010 state conviction or sentence when he filed his § 2254 habeas petition, this Court does not have jurisdiction to consider the constitutionality of that conviction or sentence. See Maleng, 490 U.S. at 490-91. The petition must, therefore, be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, ECF. No 1, is **DISMISSED**.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 11, 2015

Frank D. Whitney
Chief United States District Judge