| | |
|---|---|
| ANTONIO MOSLEY, | ) |
| *aka* ABDULLAH HAMID, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

**ORDER**

**THIS MATTER** is before the Court upon Petitioner Antonio Mosley's post-Judgment

"Motion Pursuant to Fed. R. Civ. P. 60(b)(6); Alternative Permission to File a New § 2254;

Alternative Petition for Writ of Coram Nobis." (Doc. No. 4.)

### I.     RELEVANT BACKGROUND

Petitioner pled guilty on November 2, 2010, in Mecklenburg County District Court to

violating a domestic violence protective order. (§ 2254 Pet. 1, Doc. No. 1.) [1] He received a 150-

day suspended sentence and 18 months of probation. (§ 2254 Pet. 1.) He did not appeal to the

Mecklenburg County Superior Court for a trial de novo. See N.C. Gen. Stat. § 15A-1431(b)-(c)

("A defendant convicted in the district court before the judge may appeal to the superior court for

trial de novo . . . [w]ithin 10 days of entry of judgment[.]).

On July 11, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in

Mecklenburg County Superior Court, challenging his November 2, 2010 judgment. (§ 2254 Pet.

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing
system.

3.)  The MAR was denied on August 1, 2014.  (§ 2254 Pet. 3.)  Petitioner then filed a petition for

writ of certiorari in the North Carolina Court of Appeals, which was denied on October 22, 2014.

(§ 2254 Pet. 5).

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on

January 29, 2015, see Houston v. Lack, 487 U.S. 266, 267 (1988), in which he challenged his

November 2, 2010 judgment.  Finding that Petitioner was no longer in custody under that

judgment when he filed his § 2254 Petition, this Court concluded it lacked jurisdiction to

consider the Petition and dismissed it on initial review.  (Doc. No. 2.)

Petitioner has filed a self-described "Motion Pursuant to Fed. R. Civ. P. 60(b)(6);

Alternative Permission to File a New § 2254; Alternative Petition for Writ of Coram

Nobis."  (Doc. No. 4).  For the reasons that follow, his Motion shall be denied.

**II. DISCUSSION**

**A.  Rule 60(b)**

Federal Rule of Civil Procedure 60(b) enumerates specific circumstances in which a party

may be relieved of the effect of a federal judgment, such as mistake, newly discovered evidence,

and fraud.  Fed. R. Civ. P. 60(b)(1)-(3).  The Rule concludes with a catchall category—

subdivision (b)(6)—providing that a federal court may lift a judgment for "any other reason that

justifies relief."  Id. at Rule 60(b)(6).

Rule 60(b) applies to § 2254 proceedings, but only "to the extent that [it is] not

inconsistent with" applicable statutory provisions and rules.  Rules Governing Section 2254

Cases in the United States District Courts, Rule 12, 28 U.S.C. foll. § 2254.  Among the statutory

provisions governing § 2254 proceedings are those that expressly limit a petitioner's ability to

attack his criminal judgment in a subsequent collateral proceeding.  See e.g. 28 U.S.C. §

2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). On the other hand, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." McRae, 793 F.3d at 397 (internal quotation marks omitted).

Petitioner contends that the Court's conclusion that it did not have jurisdiction to consider his § 2254 Petition constituted a "defect which beg[s] for remedy pursuant to Rule 60(b)(6)." (Mot. 3, Doc. No. 4.) Petitioner then goes on, however, to argue that the Court's dismissal "ignored justice pertaining to his underlying claims" and follows by listing all of the constitutional claims raised in the habeas Petition. (Mot. 3-4.) Petitioner does not challenge the basis for the Court's conclusion that it lacked jurisdiction to consider the Petition; his argument is that the Court, in the interests of justice, should have considered the merits of his claims anyway.

Notwithstanding the "defect" allegation, the instant Motion essentially reargues the merits of claims raised in the habeas Petition or raises new claims. Therefore, the Court concludes that it is not a true Rule 60(b) motion but is, in fact, a successive habeas petition subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. See

3

McRae, 793 F.3d at 397.  Because Petitioner has not obtained the necessary permission from the

Fourth Circuit to file a successive § 2254 habeas petition, his motion must be dismissed.  See

Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain

authorization to file a "second or successive" petition deprived the district court of jurisdiction to

consider the second or successive petition "in the first place"); United States v. Winestock, 340

F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks

jurisdiction to consider an application containing abusive or repetitive claims.") (citation

omitted).

### B.  New § 2254 Petition

Petitioner next asks the Court to consider the instant Motion as a first § 2254 Petition.

(Mot. 5.)  To the extent the Court is able to follow Petitioner's argument, it appears he is

challenging what he asserts was a modification to his November 2, 2010 judgment.  On July 18,

2011, the Mecklenburg County Superior Court transferred Petitioner from supervised to

unsupervised probation upon completion of a court-ordered program called IMPACT.  (Order on

Mot. To Modify Probation, § 2255 Ex. #2 at 1-2, Doc. No. 1-2.)  Petitioner contends that this

modification constituted a new judgment, and that the instant Motion should be considered a first

§ 2254 Petition challenging that new judgment.  (Mot. 5-6.)  He claims that the trial court and

counsel failed to advise him that he had the right to appeal or collaterally challenge the new

judgment.

The instant Motion is not a "first" § 2254 Petition.  Habeas corpus relief pursuant to §

2254 is available only to a person "in custody pursuant to the judgment of a State court[.]"  Id.

"Judgment" means "final judgment," and "'[f]inal judgment in a criminal case means sentence.

The sentence is the judgment.'"  Reber v. Steele, 570 F.3d 1206, 1209 (10th Cir. 2009) (quoting

4

Burton, 549 U.S. at 156) (additional citations omitted).  Under N.C. Gen. Stat. § 15A-101(4a) (2010), judgment is defined as "when sentence is pronounced."

Under North Carolina law, a defendant may appeal, as a matter of right, any final judgment entered in the district court, to the superior court.  N.C. Gen. Stat. § 7A-271.  North Carolina law also expressly limits a defendant's right to appeal modifications of his probation.  N.C. Gen. Stat. § 15A-1347.  A defendant may only appeal a modification of his probation if the judge, "as a result of a finding of a violation of probation, activates a sentence or imposes special probation."  Id.; see also State v. Romero, 745 S.E.2d 364 (N.C. Ct. App. 2013).  If a defendant may appeal any final judgment but only two types of probation modifications, explicitly identified by statute, then, by extension, modifications to the conditions of probation do not constitute final judgments.

As such, the July 18, 2011 modification to Petitioner's probation (i.e. moving him from supervised to unsupervised probation) does not constitute a final judgment.  The only judgment at issue, then, is that imposed in the district court on November 2, 2010.  Consequently, any challenge to the July 18, 2011 modification could have been raised in Petitioner's first § 2254 Petition, and the claims raised in the instant Motion related to that modification represent a new collateral attack on Petitioner's state judgment.  Therefore, the instant Motion is an unauthorized, successive habeas petition, and this Court does not have jurisdiction to consider it.  See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**C.  Writ of Error Coram Nobis**

Petitioner contends that if he is not entitled to relief under Rule 60(b) or § 2254, he is entitled to coram nobis relief.  A writ of coram nobis is available to correct fundamental errors of fact which affect the validity of the judgment itself.  See United States v. Morgan, 346 U.S. 502,

507 (1954). A writ of error coram nobis is not available in federal court to challenge a state criminal judgment, however. Sinclair v. Louisiana, 679 F.2d 513, 514-15 (5th Cir. 1982) (finding no jurisdiction to issue writ where federal court did not impose sentence); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) (same).

### III.    CONCLUSION

The instant Motion is an unauthorized, successive § 2254 petition for writ of habeas corpus. See § 2244(b)(3)(A). The Court, therefore, does not have jurisdiction to consider the merits of the claims raised in the Motion. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(6); Alternative Permission to File a New § 2254; Alternative Petition for Writ of Coram Nobis" (Doc. No. 4) is **DISMISSED** as an unauthorized, successive petition for writ of habeas corpus, see 28 U.S.C. § 2244(b)(3)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional

right).

**SO ORDERED.**

Signed: February 8,

Frank D. Whitney
Chief United States District Judge